IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA SLACK,

          Plaintiff,

v.                                     CIVIL ACTION NO.  2:14-cv-27055

CHARLESTON AREA MEDICAL CENTER, INC.

          Defendant.

**ORDER**
*(**Defendant's Motion for Summary Judgment [Docket 17]**)*

Pending before the court is the defendant Charleston Area Medical Center, Inc.'s ("CAMC") Motion for Summary Judgment [Docket 17]. A response and a reply have been filed, and the motion is ripe for review. The plaintiff Linda Slack has also filed a Motion for Summary Judgment [Docket 15]. However, Ms. Slack's motion fails to address the merits of her federal claims in Count I of her Amended Complaint and only discusses the merits of her state claim in Count II.[1] Therefore, in this opinion, I will consider CAMC's motion.[2]

For the reasons explained below, the defendant's Motion for Summary Judgment [Docket 17] is **GRANTED in part** on Count I of the Amended Complaint. The court declines to exercise

---

[1] As for her Count I federal claims under the Family Medical Leave Act, Ms. Slack merely states in that, "if the Court grants the Plaintiff the relief she seeks in this motion, her claim for violation of the Family Medical Leave Act becomes moot." (Pl.'s Mot. for Summ. J. [Docket 15], at 1). Ms. Slack provides no further analysis.

[2] On June 1, 2015, I granted the Plaintiff's Motion to Reset the Hearing Date on the Parties Motion for Summary Judgment and stated that "[t]he court will reschedule the hearing for a later date and will notify the parties upon scheduling." (*See* Order [Docket 24]). With my ruling in this opinion, a motion hearing is no longer needed.

1

supplemental jurisdiction over the plaintiff's state law claim in Count II of the Amended Complaint and, accordingly, **ORDERS** that action be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

## I. Factual Background

The plaintiff, Linda Slack, was employed at will as a Certified Nursing Assistant by CAMC and was terminated on January 14, 2013 under CAMC's Attendance Policy described in its Employee Handbook. In Count I of the Amended Complaint, Ms. Slack brings interference and retaliation claims against CAMC under the Family Medical Leave Act ("FMLA"), and, in Count II, she brings a West Virginia state claim against CAMC, alleging that her discharge was in violation of public policy. (Am. Compl. [Docket 1-2], at 10, 12). Unless otherwise noted, the following pertinent facts are undisputed.

Under CAMC's Attendance Policy,[3] an employee may be fired after accumulating a certain number of "occasions of absence" within a particular time period and after proceeding through a contemporaneous progressive discipline procedure. An employee is charged with an "occasion of absence" whenever that employee misses a scheduled shift or fails to complete at least half of a scheduled shift. (Pl.'s Ex. D, Attendance Policy [Docket 15-4], at 1). This consequence occurs even if the Employee Health Department or a supervisor sends the employee home early. (*Id.*). When an employee is ill for consecutive days, such days are counted as only one "occasion of absence." (*Id.*). Also, some instances count as two "occasions of absence"—such as missing a shift in the days surrounding a holiday. (*Id.* at 3). If an employee obtains a certain number

---

[3] The parties each submit a slightly different version of CAMC's Employee Handbook Attendance Policy. (*See* Pl.'s Ex. D, Attendance Policy [Docket 15-4]; Def.'s Ex. E, Attendance Policy [Docket 17-5]). However, any differences between the two versions are immaterial to my decision. Moreover, the details of the Attendance Policy described in this paragraph appear in both versions. Thus, I will cite to Ms. Slack's version.

2

of "occasions of absence" within a distinct time period, the employee receives progressive discipline, including, first, a verbal warning, then, written warnings, and, ultimately, termination. (*Id.* at 2). The Attendance Policy expressly states that "[e]mployees are encouraged to consult with their manager or Human Resources to discuss their rights under the Family Medical Leave Act." (*Id.* at 1).

In this case, the parties dispute whether Ms. Slack was justifiably terminated under the terms of the Attendance Policy. For example, Ms. Slack claims that she, in fact, was present at work on some days that CAMC marked her as absent. (*See, e.g.*, Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. [Docket 16], at 10; Def.'s Mem. in Supp. of Mot. for Summ. J. [Docket 18], at 5). Also, Ms. Slack claims that her approved absences, including her absences while on FMLA leave, were mistakenly charged with an "occasion of absence." (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. [Docket 16], at 9-10; Def.'s Mem. in Supp. of Mot. for Summ. J. [Docket 18], at 5). Moreover, she alleges that CAMC did not properly follow its own progressive timeline in disciplining her. (*See* Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. [Docket 16], at 10; Def.'s Mem. in Supp. of Mot. for Summ. J. [Docket 18], at 5).

The parties do not appear to dispute that Ms. Slack's "occasions of absence" that directly lead to her termination were due an illness. In late December 2012, CAMC charged Ms. Slack with two "occasions of absence" for missing work because she had the flu from December 24 through December 28. (Def.'s Mem. in Supp. of Mot. for Summ. J. [Docket 18], at 5).[4] When the

---

[4] Ms. Slack contends that she was, in fact, not scheduled to work on December 24, 2012. (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. [Docket 16], at 12). However, such a dispute of fact is immaterial to my opinion. Whether or not Ms. Slack was scheduled to work on December 24th, she missed the holiday on December 25th and the day after the holiday on December 26th. Under the Attendance Policy, this formulates the two "occasions of absence" in which CAMC charged her. (Pl.'s Ex. D, Attendance Policy [Docket 15-4], at 3; Def.'s Ex. E, Attendance Policy [Docket 17-5], at 3).

illness began, Ms. Slack claims that she went to a medical center to obtain a diagnosis and that she informed CAMC of her illness. (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. [Docket 16], at 12). It is undisputed that Ms. Slack did not seek FMLA leave for her absence in December of 2012, although Ms. Slack had previously obtained FMLA leave in other instances while employed at CAMC. (Pl.'s Resp. to the Def.'s Mot. for Summ. J. [Docket 19], at 9 (stating that "[s]he did not file for Family Medical Leave because the 'flu' would not be covered by the Act"); *see, e.g.*, Def.'s Ex. N, CAMC FMLA Tracking Maintenance [Docket 17-14], at 1).

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of

4

evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. Discussion

CAMC moves for summary judgment on all claims. In considering this motion, I will view the facts in the light most favorable to Ms. Slack.

#### A. FMLA Claims

CAMC argues that it is entitled to summary judgment as to Ms. Slack's FMLA claims. In Count I of the Amended Complaint, Ms. Slack brings FMLA interference and retaliation claims under 29 U.S.C. §§ 2615(a)(1) and (a)(2). As I explained in *Perry*:

> Interference claims arise under 29 U.S.C. § 2615(a)(1), which makes it illegal for an employer to deny an employee the protective rights set out by the FMLA, such as twelve weeks of leave time and job protection while on leave. *See Yashenko v. Harrah's NC Casino Co.*, LLC, 446 F.3d 541, 546 (4th Cir. 2006). An interference claim, then, requires the plaintiff to show that she was entitled to rights or protections under the FMLA. Retaliation claims, also known as discrimination claims, arise under 29 U.S.C. § 2615(a)(2), which makes it illegal for an employer to fire an employee "for opposing any practice made unlawful by" the FMLA. *See Yashenko*, 446 F.3d at 546. In other words, a retaliation claim arises when an employee is discharged for demanding the rights to which she is entitled under the FMLA.

*Perry v. CAMC, Inc.*, No. 2:13-cv-13598, 2014 WL 2168859, at *5 (S.D. W. Va. May 23, 2014) (Goodwin, J.).

In this case, Ms. Slack has simply failed to "show that she was entitled to rights or protections under the FMLA" with respect to her interference claim, and she has failed to demonstrate that she "demand[ed] the rights to which she [was] entitled under the FMLA" with respect to her retaliation claim. *Id.* at *5. As for interference, Ms. Slack admits in her response that the illness she incurred in December of 2012—the flu—is not covered under the FMLA. (Pl.'s Resp. to the Def.'s Mot. for Summ. J. [Docket 19], at 9 ("Ms. Slack does not claim she should be

5

protected under the Family Medical Leave Act at the time she reported her illness.")). As for retaliation, she admits that she did not apply for FMLA leave for her December 2012 absence. (*Id.* (stating that "[s]he did not file for Family Medical Leave because the 'flu' would not be covered by the Act")). Thus, there is no genuine dispute of material fact as to Ms. Slack's FMLA count.

Her unsupported arguments in response are also of no consequence. For example, although Ms. Slack admits that her flu was not covered under the FMLA, she argues that summary judgment should be denied because "now it appears as if CAMC may have a policy of applying the Family Medical Leave Act for the 'flu' so as to eliminate an 'occurrence of absence' violation." (*Id.* at 10). Due to this alleged policy, Ms. Slack argues that CAMC violated a FMLA regulation when it did not notify her that she was eligible for FMLA leave upon learning that she had the flu in December of 2012. She presents the court with the following question: "Can CAMC re-define the 'flu' or any other type of infection as a serious health condition and then require its employees to file for Family Medical Leave in order to avoid discipline?" (*Id.* at 12 (internal quotation marks omitted)).

The court declines to entertain the question of whether CAMC may grant FMLA leave outside the bounds in which Congress prescribed. Ms. Slack has cited to no law in support of this notion, and it is not the court's burden to meet. Such arguments in Ms. Slack's response are tangential to the claims before the court and do not change the fact that she has failed to demonstrate viable interference and retaliation claims. She has not presented evidence to the court in which a reasonable juror would find in her favor on her FMLA claims. Therefore, I **GRANT** CAMC's summary judgment motion with respect to Count I of the Amended Complaint.

### B. Wrongful Discharge in Violation of Public Policy

CAMC also moves for summary judgment on Ms. Slack's wrongful discharge in violation of public policy claim, which is pled in Count II of the Amended Complaint. This case was originally filed in state court. It was removed to this court under federal question jurisdiction, due to Ms. Slack's assertion of FMLA claims. (*See* Notice of Removal [Docket 1], at 2-3). Her state claim of wrongful discharge in violation of public policy is before the court by way of supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367, district courts have the discretion to exercise "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a); *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction . . . a federal court has subject-matter jurisdiction over specific state-law claims, which it may (or may not) choose to exercise.") (citing 28 U.S.C. § 1367(a), (c)); *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) ("[T]he statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse to exercise."); *see also Delebreau v. Bayview Loan Servicing, LLC*, 770 F. Supp. 2d 813, 821-822 (S.D. W. Va. 2011) (Goodwin, J.). Particularly relevant to the instant circumstances, the United States Supreme Court has stated that "[a] district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech.*, 556 U.S. at 639 (citing 28 U.S.C. § 1367(c)). In fact, 28 U.S.C. §1367(c)(3) expressly provides that "district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which

it has original jurisdiction." 28 U.S.C. §1367(c)(3). A court's decision to decline exercising supplemental jurisdiction is reviewed for abuse of discretion. *Carlsbad Tech.*, 556 U.S. at 640.

In the present case, the court does not have any independent basis for Ms. Slack's wrongful discharge in violation of public policy claim. As I state above, this case was removed to this court by way of federal question jurisdiction, and there is no diversity between the parties. (*See* Compl. [Docket 1-2], at 4 (stating Ms. "Slack resided in Kanawha County, West Virginia and was employed by defendant [CAMC] at its CAMC General location, in Kanawha County, West Virginia" and that CAMC "was a West Virginia corporation and is qualified to do business and doing business in West Virginia, and further, [CAMC] operates a place of business known as the CAMC General location in Kanawha County, West Virginia and is within the jurisdiction of this Court"); Answer [Docket 4], at 2 (CAMC admitting to these allegations)).

Because I grant summary judgment in favor of CAMC on Ms. Slack's FMLA count—and, thus, dispose of all federal claims—I decline, in my discretion to exercise jurisdiction over her state law claim for wrongful discharge in violation of public policy. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 547 (4th Cir. 2013) (finding summary judgment motion could dispose of federal claims rendering exercise of supplemental jurisdiction discretionary); *e.g.*, *White v. Cain*, No. 2:10-cv-01182, 2011 WL 1087489, at *7 (S.D. W. Va. March 21, 2011) (Goodwin, J.) (declining to exercise supplemental jurisdiction over remaining state law claims). A state court is the more suitable forum to rule on this matter.

In this case, Ms. Slack points to multiple sources, including federal and state regulations, which she argues demonstrate public policy violations. Instead of examining that question and

predicting what the West Virginia Supreme Court would do in this case, I **FIND** that remanding the case back to state court would be prudent.

## IV. Conclusion

Therefore, for the reasons explained above, the defendant's Motion for Summary Judgment [Docket 17] is **GRANTED in part** on Count I of the Amended Complaint. The court declines to exercise supplemental jurisdiction over the plaintiff's state law claim in Count II of the Amended Complaint and, accordingly, **ORDERS** that action be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 4, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE